<u>**NOT FOR PUBLICATION**</u>


**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**


---

|                                          |   |                              |
|------------------------------------------|---|------------------------------|
|                                          | : |                              |
| AMIR LITTLE,                             | : |                              |
| a/k/a Minister Qadir Lamb,               | : |                              |
|                                          | : | Civil Action No. 13-6094(NLH) |
| Plaintiff,                               | : |                              |
|                                          | : |                              |
| v.                                       | : | **MEMORANDUM OPINION**        |
|                                          | : |                              |
| DEPTFORD POLICE DEPARTMENT,              | : |                              |
| et al.,                                  | : |                              |
|                                          | : |                              |
| Defendants.                              | : |                              |
|                                          | : |                              |

---


**APPEARANCES:**

Amir Little
a/k/a Minister Qadir Lamb
634 Line Street
Camden, NJ  08103
     Plaintiff <u>pro</u> <u>se</u>


**HILLMAN,** District Judge

     Plaintiff Amir Little, also known as Minister Qadir Lamb, seeks to bring this civil action <u>in</u> <u>forma</u> <u>pauperis</u>, without prepayment of fees or security, asserting claims pursuant to 42 U.S.C. § 1983.

     Pursuant to Local Civil Rule 54.3, the Clerk shall not be required to enter any suit, file any paper, issue any process, or render any other service for which a fee is prescribed,

unless the fee is paid in advance.  The entire fee to be paid in advance of filing a civil complaint is $400.  That fee includes a filing fee of $350 plus an administrative fee of $50, for a total of $400.  Under certain circumstances, however, this Court may permit an indigent plaintiff to proceed in forma pauperis.

Title 28 U.S.C. § 1915, establishes certain requirements for persons who are attempting to bring a civil action in forma pauperis.  Under § 1915, a person seeking to bring a civil action in forma pauperis must submit an affidavit, including a statement of all assets and liabilities, which states that the person is unable to pay the fee.  28 U.S.C. § 1915(a)(1).

In this action, Plaintiff failed to submit a complete in forma pauperis application as required by 28 U.S.C. § 1915(a)(1).  More specifically, in his application, utilizing a federal court form, Plaintiff failed to answer several of the questions regarding his assets and liabilities.  Accordingly, it is not possible for this Court to determine whether Plaintiff qualifies to proceed in forma pauperis.

CONCLUSION

For the reasons set forth above, Plaintiff's application for leave to proceed in forma pauperis will be denied without prejudice and the Clerk of the Court will be ordered to administratively terminate this action, without filing the

complaint.[1]  Plaintiff will be granted leave to apply to re-open

within 30 days.

    An appropriate Order will be entered.


At Camden, New Jersey           s/Noel L. Hillman
                                Noel L. Hillman
                                United States District Judge

Dated:  March 5, 2014

---

[1] Such an administrative termination is not a "dismissal" for purposes of the statute of limitations, and if the case is re-opened pursuant to the terms of the accompanying Order, it is not subject to the statute of limitations time bar if it was originally filed timely.  See Papotto v. Hartford Life & Acc. Ins. Co., 731 F.3d 265, 275-76 (3d Cir. 2013) (collecting cases and explaining that a District Court retains jurisdiction over, and can re-open, administratively closed cases).